IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02042-LTB-MEH

NELSON B. PHELPS,

　　　　Plaintiff,

vs.

QWEST EMPLOYEES BENEFIT COMMITTEE,

　　　　Defendant.

---

### ORDER GRANTING MOTION TO COMPEL and RECOMMENDATION FOR IMPOSITION OF STATUTORY PENALTY

---

Plaintiff has filed a Motion to Compel Discovery Responses and for Imposition of ERISA § 502(c)(1)(B) Penalty (Docket #18) ("Motion to Compel").  This motion has been referred to this Court by Chief Judge Babcock (Docket #20).  The motion has been fully briefed and oral argument would not materially aid the Court in its resolution.  For the reasons stated below, the Court **grants** the motion with regard to the request that the Defendant be compelled to provide the Plaintiff with the discovery responses he seeks and further **recommends** that the Plaintiff's request for statutory penalty also be **granted**.

I.　　**Facts**

In his Order on Defendant's Motion for Summary Judgment (Docket #17) ("Summary Judgment Order"), Chief Judge Babcock sets forth the essential facts of this lawsuit, which this Court adopts.  As a further factual basis for the Motion to Compel, Plaintiff alleges that after entry of the Summary Judgment Order, on December 5, 2005, Plaintiff's counsel presented to Defendant's counsel, via e-mail and facsimile, a draft motion to compel responses to Plaintiff's Interrogatory No.

3 and Document Request No. 2,[1] requesting a response from Defendant's counsel by December 12, 2005. Defendant does not dispute this. Plaintiff further alleges that Defendant did not provide responses to the requested discovery, nor did Defendant respond whatsoever to Plaintiff's Rule 7.1a (D.C.COLO.L.Civ.R.) effort. Again, Defendant does not dispute this. Finally, Plaintiff alleges that although Defendant initially responded with objections to these two discovery requests, the Summary Judgment Order made clear that the information and documents requested in the discovery requests were relevant. Once more, Defendant does not materially dispute this allegation, but alleges that in lieu of providing responses to the discovery requests, Defendant provided responsive (albeit redacted) documents even beyond the scope of information sought by the Plaintiff's discovery requests. Plaintiff seeks responses to his requests as well as a statutory penalty of $110 per day (calculated from the date of Plaintiff's original written request for information which preceded this lawsuit in January/February 2004).

## II.     Discussion

### A.      Motion to Compel

The Court is troubled by Defendant's conduct in two respects. First, Plaintiff appears to have adhered to this District's local rules mandating a good-faith effort to confer prior to the filing of discovery motions, D.C.COLO.L.Civ.R. 7.1(a). Defendant's counsel acknowledges that Plaintiff made such an effort on "December 5, 2005, when Plaintiff demanded production by December 12." Defendant's Response to Plaintiff's Motion to Compel Discovery and for Imposition of Penalty (Docket #22), at 5. Defendant's counsel also does not dispute that no communication concerning

---

[1]Plaintiff first propounded these particular requests in January 2005, and Defendant responded with objections in March 2005.

to the proposed motion to compel was forthcoming.  This is obviously contrary to both the spirit and letter of the mandatory obligation to confer.

Second, Defendant does seriously dispute that it should have responded to the discovery requests after Plaintiff renewed them in December 2005.  Rather, Defendant argues that the Plaintiff and the Court should accept *Defendant's* preferred method of responding to the discovery requests: providing redacted documents which it contends meet or exceeds the information sought in the discovery requests.  Even had Plaintiff not demanded new responses to these discovery requests, Defendant was under an obligation to supplement its responses to discovery and provide substantive information if, after the Summary Judgment Order, it became clear that in his discovery requests, Plaintiff sought relevant, nonprivileged information.  *E.g., Price v. Lake Sales Supply R.M., Inc.,* 510 F.2d 388, 395 (10th Cir. 1974) ("It is quite true that parties are under a continuing duty to supplement their [discovery] responses."); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995) ("Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses."). Certainly after the need to supplement was brought to the attention of counsel for Defendant, Defendant should have recognized its obligation and acted in compliance with the Federal Rules of Civil Procedure.

The Court believes that in light of the Summary Judgment Order, the information requested by Plaintiff in Interrogatory No. 3 and Document Request No. 2 is relevant.  Defendant has asserted no privilege permitting it to withhold the documents in whole or in part.  Further, the Court believes that, consistent with the Summary Judgment Order, Defendant's obligation is to produce documents that were operative as of the date of Plaintiff's original (*i.e.*, pre-lawsuit) written request(s), as well as the currently operative documents if, in the interim, they were amended.

Therefore, that part of Plaintiff's Motion to Compel which seeks responses to these requests shall be **granted**, and Defendant is directed to provide substantive responses and *unredacted* responsive documents on or before March 6, 2006.

### B.   Statutory Penalty

The Court believes that a statutory penalty of some amount is warranted here. "When considering whether to impose such penalties, the court can consider (1) bad faith or intentional conduct of the plan administrator, (2) length of delay, (3) number of requests made, (4) documents withheld, and (5) prejudice to the participant." *Romero v. Smith Kline Beecham*, 309 F.3d 113, 120 (3rd Cir. 2002). Further, the Court is aware that "although an 'employer's good faith and the absence of harm are relevant in deciding whether to award a statutory penalty,' . . . 'neither [a defendant's] good faith nor the absence of actual injury to [the plaintiff] precludes the award of a statutory penalty.'" *Brown v. Aventis Pharmaceuticals, Inc.*, 341 F.3d 822, 825 (8th Cir. 2003) (quoting *Chestnut v. Montgomery*, 307 F.3d 698, 704 (8th Cir. 2002)). Finally, at most, the period of any penalty should run only from the date that Plaintiff was deprived of the particular information, *Cherry v. Toussaint*, 126 Fed. Appx. 496, 497 (2nd Cir. Feb. 11, 2005), or in this case, from February 9, 2004, 30 days after Plaintiff requested the documents.

The factors that the Court believes are relevant here include, in Plaintiff's favor, (1) the absolute refusal to provide documents responsive to Plaintiff's original requests; (2) the two-year delay from February 2004 to the present; and (3) the fact that three separate requests were made. The factors in Defendant's favor are (1) the significance of the documents withheld; and (2) the lack of any prejudice asserted by Plaintiff occasioned *by the delay* (as opposed to the prejudice Plaintiff allegedly suffered by the actual investment decisions made under the plan). Moreover, the Court does

not find bad faith on the part of Defendant.  Therefore, the Court **recommends** that the District Court impose a statutory penalty of $25.00 per day running from February 9, 2004.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration of this recommendation by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## III.     Conclusion

Based upon the foregoing discussion, and the entire record herein, it is hereby:

A.     Ordered that Plaintiff's Motion to Compel Discovery Responses [Filed December 12, 2005; Docket #18-1] is **granted**. Defendant is directed to provide substantive responses and *unredacted* responsive documents on or before March 6, 2006.

B.     Recommended that Plaintiff's Motion For Imposition of ERISA Section 502(c)(1)(B) Penalty [Filed December 12, 2005; Docket #18-2] be **granted** and the District Judge impose a statutory penalty of $25.00 per day running from February 9, 2004.

Dated at Denver, Colorado, this 23rd day of February, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge